**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Georgianna J. Thomas,<br><br>  Plaintiff,<br><br>vs.<br><br>Wells Fargo Home Mortgage, Inc., a Division of Wells Fargo Bank, NA; Wells Fargo Bank, NA; Mortgage Electronic Registration Systems, Inc. (aka MERS); Does 1-1000 as Unknown and Unidentified Certificate Holders of Mortgage Asset Securities related to MERS #1000826-0000106578-4; Tiffany & Bosco, P.A. as Successor Trustee,<br><br>  Defendants. | No. CV 11-02066-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Tiffany & Bosco's Motion to Dismiss (Doc. 5) and Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 7). For the reasons stated below, Defendants' motions to dismiss will be granted.

**I.  Background**

On May 25, 2007, Plaintiff, along with non-party Spiro Paraskevoulakos, borrowed $275,800.00 to purchase property located at 3935 E. Rough Rider Road, Unit 1198, Phoenix, Arizona, 85050. Plaintiff executed a promissory note in exchange for the loan, and signed a deed of trust secured by the property. The original lender was TBI Mortgage Company,

1 and MERS was listed as the beneficiary under the deed of trust. On March 9, 2011, MERS assigned its interest in the deed of trust to Wells Fargo, which appointed Michael A. Bosco, Jr. as successor trustee under the deed of trust on June 30, 2011. Foreclosure proceedings were commenced with respect to Plaintiffs' property shortly thereafter. Bosco, as trustee, recorded a Notice of Trustee's Sale of the property scheduling the trustee's sale for September 29, 2011, at which time the property was sold to non-party Wiser Investments, LLC.

Plaintiff filed her complaint in Maricopa County Superior Court on September 21, 2011. Plaintiff's complaint lists three causes of action: declaratory relief, injunctive relief, and false recordations (Doc. 1-1). The case was removed to the district court on October 21, 2011.

## II.    Legal Standard

### A.    Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

## III. Analysis

Because Plaintiff has failed to state any plausible claim for which relief may be granted, the Court will grant Defendants' motions to dismiss (Docs. 5, 7). The only substantive count in Plaintiff's complaint is her cause of action for false recordations. A.R.S. § 33-420 prohibits a party from recording "an interest in, or a lien or encumbrance against, real property" when that party "knows[s] or ha[s] reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid[.]" Plaintiff has merely conclusorily alleged that Defendants violated A.R.S. § 33-420, but she has not specifically identified any document which was in fact falsely recorded. To the extent Plaintiff relies on the invalidity of the securitization process and any resulting transfers of the deed of trust to support her claim that Defendants had no interest in Plaintiff's property and thus wrongly recorded loan documents in violation of A.R.S. § 33-420, these claims are unavailing. *See Schayes v. Orion Fin. Group, Inc.*, 2011 WL 3156303, at *6 (D. Ariz. 2011) (noting assignments of mortgages and notices of trustee's sales are not "document[s] asserting" a "claim [of] interest in, or a lien or encumbrance against[ ] real property" and therefore do not fall within the ambit of A.R.S. § 33-420). Plaintiff has offered no facts to show Defendants knowingly recorded false documents in violation of A.R.S. § 33-420. Accordingly, Count Three fails to state a plausible claim for relief.

The first two counts of Plaintiff's complaint raise independent causes of action for injunctive and declaratory relief. However, injunctive and declaratory relief are "remedies for underlying causes of action . . . not separate causes of action[.]" *Silvas v. GMAC Mortgage, LLC*, No. CV-09-0265-PHX-GMS, 2009 WL 4573234, at *6 (D. Ariz. Dec. 1, 2009) (citations omitted). Since Plaintiff has not sufficiently pled any underlying cause of action, she is not entitled to these equitable remedies. To the extent Plaintiff relies on the "show me the note" theory and related arguments in Counts One and Two, the District of

1 | Arizona has widely rejected these theories. *See, e.g.*, *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009). Similarly, Plaintiff's allegations challenging the legitimacy of MERS and the securitization process have also been rejected as a basis for challenging foreclosure actions. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011). Further, to the extent Plaintiff seeks to enjoin the trustee's sale of the property, that claim is moot since the property was sold to a non-party on September 29, 2011. *See* A.R.S. § 33-811(C).

Finally, Tiffany & Bosco is independently entitled to dismissal of this action because they are not a party to any of the underlying proceedings and appear to have been improperly named as substitute trustee. Rather, Michael A. Bosco, Jr. is the substitute trustee, not Tiffany & Bosco. Even if Tiffany & Bosco were the substitute trustee here, actions against the substitute trustee are governed by A.R.S. §33-807(E), which provides that "a trustee should only be joined in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust." Where a trustee is named in an action that does not allege a breach of the trustee's duties, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees[.]" A.R.S. §33-807(E). Because Plaintiff has not alleged any breach of the trustee's duties, the substitute trustee would be entitled to dismissal with prejudice and attorney fees. However, as Tiffany & Bosco note, they are not the substitute trustee; accordingly, their request for attorney fees under A.R.S. §33-807(E) will be denied.

## IV. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff will be given an opportunity to amend her complaint to make clear her allegations in short, plain statements. Any amended complaint must conform to the requirements of the Federal Rules of Civil Procedure. Plaintiff is warned that if she elects to file an amended complaint and fails to comply with the Court's instructions explained in

this order, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised"). Specifically, the Court notes that Spiro Paraskevoulakos may be a necessary party under Fed. R. Civ. P. 19.; failure to join a necessary party will result in dismissal of this action. *See Vera v. Wells Fargo Bank, N.A.*, 2011 WL 334286, at *4 (D. Ariz. 2011) (noting co-signatory to a deed of trust is an indispensable party).

IT IS THEREFORE ORDERED that Defendant Tiffany & Bosco's Motion to Dismiss (Doc. 5) is granted.

IT IS FURTHER ORDERED that Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 7) is granted.

IT IS FURTHER ORDERED that Plaintiff may file a motion to amend the Complaint and separately lodge a proposed Amended Complaint by February 6, 2012. The Clerk is directed to terminate this case without further order if Plaintiff does not file a motion to amend and lodge a proposed Amended Complaint by February 6, 2012.

DATED this 17th day of January, 2012.

_____
Neil V. Wake
United States District Judge

- 5 -